■ In the Matter of the Claim of ANNE M. GULLOTTI, Appellant. COMMISSIONER OF LABOR, Respondent. [967 NYS2d 771]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 8, 2012, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant worked part time as a tutor for a not-for-profit youth and family service organization from January 2009 until November 2010. As relevant herein, claimant worked approximately $2^{1}/_{2}$ hours each day on October 25-28, 2010 and November 1-4, 2010. Nevertheless, claimant filed an original claim for benefits on October 26, 2010, which was made effective October 25, 2010, certifying that, for the week ending October 31, she worked two days and, for the week ending November 7, she worked only one day. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits during those periods because she was not totally unemployed, and further charged her with a recoverable overpayment and loss of future benefits due to her willful misrepresentations regarding her work schedule. Claimant now appeals, and we affirm.

Significantly, the evidence, including claimant's own testimony, confirmed that, during the weeks she certified for benefits, claimant worked at least four days, and not the one or two days set forth in her claim. Accordingly, there is substantial evidence supporting the Board's ruling that claimant was not totally unemployed and was ineligible to receive any benefits for those weeks (*see Matter of Ramdhani [Commissioner of Labor]*, 98 AD3d 1183, 1184 [2012]; *Matter of DeOliveira [Commissioner of Labor]*, 36 AD3d 1045, 1045-1046 [2007]). Moreover, while claimant maintains that she was confused by the reporting requirements, she admitted receiving an informational handbook that explained how to certify for benefits when working part time. Notably, that handbook specifically stated that a claimant is "considered employed on any day when [he or she] perform[s] any services—even [if] an hour or less." As for claimant's assertion that she was misinformed by a Department of Labor employee who told her to add together the hours she worked each week and divide them by the number eight, contrary testimony disputing her contentions was presented at the hearing, "thereby creating a credibility issue for the Board to resolve" (*Matter of Ramdhani [Commissioner of Labor]*, 98 AD3d at 1185). Consequently, substantial evidence supports the Board's conclusion that claimant made willful misrepresentations regarding her work status in order to receive benefits (*see*

*Matter of Monserrate [Commissioner of Labor]*, 102 AD3d 1046, 1047 [2013]; *Matter of Roberts [Commissioner of Labor]*, 49 AD3d 1129, 1129 [2008]).

Peters, P.J., Stein, Spain and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.